

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

## LETTER OPINION

Theodore Kozlowski, Esq.
20 Park Place
Morristown, NJ 07960
*Pro se Appellant*

Joseph D. Petrolino, Jr. Esq. (JDP-6351)
MARIE-ANN GREENBERG
CHAPTER 13 STANDING TRUSTEE
30 Two Bridges Road, Suite 230
Fairfield, NJ 07004
*Attorney for Appellee*

Dean G. Sutton, Esq.
18 Green Road
P.O. Box 187
Sparta, NJ 07871
*Attorney for Debtors*

**Re:** **Kozlowski v. Scura**
     **Docket No. 04-CV-2005 (WJM)**

Dear Counsel:

This matter comes before the Court on Appellant's request for review of Judge Gambardella's April 3, 2002 opinion and December 10, 2003 order awarding fees and costs to Appellees. For the reasons set forth below, the opinion and order are **AFFIRMED.**

**A.    Background**

Because the facts of this matter have been sufficiently set forth in the opinion issued by the Honorable Rosemary Gambardella, U.S.B.J., the following is only a brief summary. On September 2, 1999, while Theodore Kozlowski was vacationing in Fort Myers, Florida, debtors

1

Elizabeth and Rafael Marte (hereinafter "Debtors") retained Kozlowski to file a Chapter 13 bankruptcy petition to stop a repossession sale of their vehicle by Chrysler Financial Company. Altogether three petitions were filed, and Kozlowski admittedly signed Debtors' names to two of the three petitions. He claims that he did so because there was insufficient time to obtain their signatures and because he was concerned that the papers would be rejected by the court if he signed his own name or indicated his capacity as signatory.

On December 15, 1999, the Chapter 13 Standing Trustee (hereinafter "the Trustee") brought a motion to dismiss Debtors' case for failure to make payments to the Trustee and for failure to appear at the scheduled 341(a) creditors' meeting. On December 30, 1999, the Trustee amended his motion, seeking to dismiss on additional grounds and seeking sanctions against Kozlowski for signing Debtors' names. In January 2000, Debtors retained and substituted new counsel, Dean Sutton, Esq., who filed papers in opposition to the motion to dismiss but joined the Trustee's request for sanctions against Kozlowski. The motion to dismiss was withdrawn on February 9, 2000, but the request for sanctions remained.

In a detailed opinion issued on April 3, 2002, Judge Gambardella granted the motion for sanctions, finding Kozlowski lacked authority to sign and verify Debtors' signatures on the petition and other key documents. Judge Gambardella imposed the sanctions pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105. By order dated December 10, 2003, Kozlowski was required to pay $5,800.46 in attorneys' fees and costs to be divided among Debtors ($1,780.00), Debtors' present attorney Dean Sutton, Esq. ($2,040.00), and the Trustee ($1,980.46). Kozlowski filed a Notice of Appeal on January 8, 2004, which this Court dismissed as untimely. Kozlowski then appealed to the Third Circuit Court of Appeals, who found the appeal timely and reversed the dismissal. *Kozlowski v. Scura*, No. 04-3595, 2005 WL 1653869 (3d Cir. July 15, 2005). This Court now proceeds to decide Kozlowski's appeal on its merits.

Appellant raises three objections to Judge Gambardella's opinion and order: (1) Appellant had the actual, implied, or apparent authority to file the petition on behalf of his client; (2) Appellant had authority by virtue of the attorney/client relationship to sign his client's name to the petition; and (3) the Appellant's conduct was not sufficiently wrongful to warrant the monetary sanctions awarded. (Appellant's Br. at 4.)

B.   **Standard of Review**

When reviewing a ruling of a bankruptcy court, the standard of review is determined by the nature of the issues presented on appeal. Legal conclusions of a bankruptcy court are subject to *de novo* or plenary review by the district court, *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997), while factual determinations of the bankruptcy court are not to be set aside unless "clearly erroneous." *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995), *cert. denied*, 517 U.S. 1137 (1996). On review of the factual findings, a district court must "give 'due regard' to the opportunity of that court to judge first-hand the credibility of the witnesses." *Fellheimer, Eichen & Braverman, PC. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995).

2

Where a matter presents mixed questions of law and fact, it is appropriate to apply the relevant standard to each component of the issue. *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 642 (3d Cir. 1991), *cert. denied*, 503 U.S. 937 (1992).

### C.   Discussion

Kozlowski argues on appeal that the sanctions were inappropriate both because Debtors had authorized his filing of the petitions and because the nature of the attorney/client relationship conferred the authority to sign their names. As already noted, Judge Gambardella found Kozlowski's misconduct sanctionable under both Fed. R. Bankr. P. 9011 and 11 U.S.C. § 105. Because this Court finds that sanctions were appropriate under Rule 9011(c), it is unnecessary to determine whether Judge Gambardella appropriately exercised her inherent authority pursuant to § 105. *See* 11 U.S.C. § 105(a) (granting broad authority to the court to issue all orders necessary or appropriate to carry out the provisions of the title).

Fed R. Bankr. P. 9011(c) grants the court authority to impose sanctions, including monetary sanctions, upon the violation of Rule 9011(b). Pursuant to Rule 9011(b), attorneys must certify that the "claims, defenses, and other legal contentions [in the petition] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Thus, sanctions are permitted when a petition is improper or is not warranted by existing law.

Voluntary Bankruptcy Official Form 1 requires the signatures of debtors and their attorney. Chapter 13 Bankruptcy Petition, Official Form 1, Form B1. Debtors must sign the petition themselves because "logic dictates that only the debtor can state under oath that the information provided in his or her petition is true and correct," and that the requested relief is in accordance with Chapter 13. *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D. Va. 2002). Therefore, even if Debtors authorized Kozlowski to sign the petition on their behalf, such an action is impermissible and in violation of Rule 9011(b). *See id.* at 728 ("[T]here could not have been a belief that the filing of a petition with what amounts to a forged debtor's signature . . . was proper or warranted under existing law or a good faith argument to extend the law.").

Notably, the cases Kozlowski cites in opposition to the sanctions are inapposite because those cases only concern involuntary bankruptcies. (*See* Appellant's Br. at 4-5.) Although the authority to commence *involuntary* bankruptcy proceedings may properly be delegated to agents such as attorneys, *see In re Raymark Industries, Inc.*, 99 B.R. 298, 300 n.4 (Bankr. E.D. Pa. 1989), Kozlowski cites no authority for the proposition that the authority to commence *voluntary* bankruptcy proceedings may be similarly delegated.

This Court finds Kozlowski's misconduct sanctionable under Fed. R. Bankr. P. 9011(c), and concludes that Judge Gambardella's award of attorneys' fees and costs in the amount of $5,800.46 to be reasonable.

3

**D.     Conclusion**

For the foregoing reasons, this Court finds that Kozlowski's misconduct warranted the sanctions levied by Judge Gambardella. Therefore, Judge Gambardella's opinion and order granting Appellees' motion for sanctions are **AFFIRMED**.


/s/William J. Martini

**Dated:** 8/15/05                                _____

**William J. Martini, U.S.D.J.**

4